UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRACY B.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

**DECISION AND ORDER**

6:24-CV-6071-UNA

## INTRODUCTION

On February 2, 2024, *pro se* Plaintiff Tracy B., filed a complaint and an *in forma pauperis* motion ostensibly seeking federal court review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  (Dkt. 1; Dkt. 2).   The Court determined that Plaintiff met the statutory requirements for *in forma pauperis* status, and as such, granted Plaintiff's request to proceed *in forma pauperis*.  (Dkt. 5).  Consistent with its obligations under 28 U.S.C. § 1915(e)(2)(B), the Court has now reviewed Plaintiff's complaint and determines that it must be dismissed, with leave to replead.

## DISCUSSION

**I.**    **Standard of Review**

 "Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements."   *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL

1489142 (W.D.N.Y. Apr. 26, 2017).   In evaluating the complaint, the court must accept as true all of the plaintiff's factual allegations and must draw all inferences in plaintiff's favor.   *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).   Upon conducting its initial screening, the court must dismiss the case pursuant to § 1915(e)(2)(B) if it "determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).   The court also must dismiss a complaint when it lacks subject matter jurisdiction.   *See* Fed. R. Civ. P. 12(h)(3).   While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## II.   Plaintiff's Claims

A litigant bringing an action for review of a social security decision under 42 U.S.C. § 405(g) is required to commence an action by filing a complaint that: (1) contains a statement that the action is brought under § 405(g); (2) identifies the final decision of the Commissioner to be reviewed; (3) states the name and the county of residence of the person for whom benefits are claimed; (4) names the person on whose wage record benefits are claimed; and (5) states the type of benefits claimed.   *See* Fed. Supp. R. Soc. Sec. 2(b)(1). To assist *pro se* litigants in bringing their claims under 42 U.S.C. § 405(g), the Western

District of New York has implemented a form that prompts them to provide the required information concerning their claim, including to fill out information regarding the decisions of the Administrative Law Judge ("ALJ") and the Appeals Council and instructs the litigants to attach copies of those decisions to the complaint. *See United States District Court, Western District of New York, Pro Se/Self Representation*, located at https://www.nywd.uscourts.gov/pro-se-forms (last visited Mar. 14, 2024).

Plaintiff purports to bring this action under 42 U.S.C. § 405(g), but he has failed to include all the information required by Rule 2 of the Federal Supplemental Rules for Social Security. (*See* Dkt. 1). Plaintiff did not use the aforementioned *pro se* form, but instead filed a seven-page typed document, in which he references New York's statute of limitations, principles of identity theft, federal relocation assistance programs, and other seemingly unrelated matters having nothing to do with a claim pursuant to § 405(g). (*Id*.).

Plaintiff includes in his complaint a demand that the matter be "remand[ed] for district court to modify its decision to reflect that the dismissal of Appellant's case is without prejudice case number 20-1686" (*id*. at 1), and he attaches a copy of a January 8, 2021, decision issued by the United States Court of Appeals for the Second Circuit (*id*. at 5). By way of background, Plaintiff previously filed a complaint against the Commissioner pursuant to 42 U.S.C. § 405(g). *See Barber v. Comm'r*, No. 20-cv-06144-FPG (W.D.N.Y. 2020) (Dkt. 1). On April 3, 2020, the Hon. Frank P. Geraci, Jr., instructed Plaintiff to re-file his complaint on the aforementioned *pro se* form and provide additional information such as the date when his disability claim was adjudicated by the Commissioner, or when

- 3 -

the ALJ or the Appeals Council issued their decisions.  (*Id*. Dkt. 6).  On April 15, 2020, Plaintiff filed an amended complaint (*id*. Dkt. 11), which Judge Geraci dismissed for lack of subject matter jurisdiction on May 5, 2020 (*id*. Dkt. 13 ("the dismissal order")).  In accordance with Judge Geraci's dismissal order, the Clerk of Court issued a judgment dismissing Plaintiff's amended complaint with prejudice.  (*Id*. Dkt. 14).  Plaintiff then appealed Judge Geraci's dismissal order to the Second Circuit, which subsequently dismissed Plaintiff's appeal but directed that the judgment be modified to reflect that the dismissal was without prejudice. (*Id*. Dkt. 19).  Complying with the mandate, Judge Geraci modified the dismissal order and directed the Clerk of Court to amend the judgment to reflect that Plaintiff's amended complaint was dismissed without prejudice.  (*Id*. Dkt. 20).  On March 3, 2021, the Clerk of Court issued an amended judgment dismissing Plaintiff's amended complaint without prejudice.  (*Id*. Dkt. 21).

Thus, to the extent Plaintiff has commenced a separate proceeding to compel modification of the dismissal order to indicate that it was without prejudice, not only is a separate action for purposes of seeking this relief not the appropriate course of action, but any such request is moot.  To the extent that Plaintiff is seeking some other form of relief with the present action, the complaint fails to state a claim upon which relief can be granted. Plaintiff has wholly failed to plead any claim pursuant to § 405(g) or otherwise comply with the requirements of the Federal Supplemental Rules for Social Security Actions, including identifying the final decision of the ALJ and/or the Appeals Council to be reviewed.  Thus, dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B).

III.  <u>**Leave to Amend Complaint**</u>

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, without all the information required by Rule 2(b)(1) of the Federal Supplemental Rules for Social Security Actions, it is unclear whether Plaintiff's claim under § 405(g) is viable. Accordingly, the Court grants Plaintiff leave to amend his complaint within **30 days of entry of this Order**. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks and alterations omitted)). Plaintiff is not required to file an amended complaint—but if he fails to do so, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint must include all necessary allegations so that it may stand alone as the sole complaint in the action.

## **CONCLUSION**

For the reasons set forth above, Plaintiff s complaint (Dkt. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) but Plaintiff is granted leave to file an amended complaint consistent with this Decision and Order.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint within **30 days of entry of this Order** as directed above and in a manner that complies with Rule 2(b)(1) of the Federal Supplemental Rules for Social Security Actions; and it is further

ORDERED that the Clerk of Court is directed to provide Plaintiff with a copy of Rule 2(b)(1) of the Federal Supplemental Rules for Social Security Actions, as well as a blank complaint form for social security cases and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff declines to file an amended complaint within **30 days of entry of this Order**, the Clerk of Court is instructed to close the matter and dismiss the complaint without prejudice without further order of the Court; and it is further

ORDERED that in the event the case is closed because an amended complaint has not been filed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962).

Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

      SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      March 14, 2024
            Rochester, New York