UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY B.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

**DECISION AND ORDER**

6:24-CV-6071-EAW

## <u>INTRODUCTION</u>

On February 2, 2024, *pro se* plaintiff Tracy B. ("Plaintiff") filed a complaint against the Commissioner of Social Security (the "Commissioner") purportedly under 42 U.S.C. § 405(g), and a motion for leave to proceed *in forma pauperis*. (Dkt. 1; Dkt. 2). On February 7, 2024, the Court granted Plaintiff's *in forma pauperis* motion. (Dkt. 5). Plaintiff subsequently filed multiple documents replying to the Court's order granting his *in forma pauperis* motion and providing additional statements in support of his complaint. (Dkt. 6; Dkt. 7; Dkt. 8; Dkt. 9; Dkt. 10; Dkt. 11).

The Court screened Plaintiff's complaint under the criteria set forth in 28 U.S.C. § 1915, and on March 14, 2024, issued a Decision and Order dismissing Plaintiff's complaint with leave to file an amended complaint. (Dkt. 12).

Plaintiff subsequently filed two amended complaints (Dkt. 15; Dkt. 21), a motion to appoint counsel (Dkt. 17), and multiple statements related to his original and amended complaints, as well as the motion to appoint counsel. (Dkt. 13; Dkt. 14; Dkt. 16; Dkt. 18;

- 1 -

Dkt. 19; Dkt. 20; Dkt. 22; Dkt. 23; Dkt. 24; Dkt. 25).  For the reasons that follow, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction, and his motion to appoint counsel is denied as moot.

## DISCUSSION

### I.  Legal Standard

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements."  *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017).    In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).  Upon conducting its initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) if it "determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).  A court also must dismiss a complaint when it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, a court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## II.     Plaintiff Has Failed to Assert a Cause of Action Under 42 U.S.C. § 405(g)

The Social Security Administration ("SSA") is a federal agency.  Claims against federal agencies are generally barred by sovereign immunity.  *See Robinson v. Overseas Mil. Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.") (citations omitted).  This means that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted).  Pursuant to the Social Security Act, the SSA expressly waives its sovereign immunity to allow a person who is dissatisfied with the disposition of his claim for disability benefits to seek judicial review following a "final decision of the Commissioner of Social Security made after a hearing to which he was a party."  42 U.S.C. § 405(g); *see also Joseph v. Soc. Sec. Admin*., No. CV 16-3377 (JFB) (GRB), 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017), *adopted*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017) ("Section 405(g) is the only waiver of sovereign immunity in the Act and is the exclusive statutory authority for judicial review.").  Because "[t]he doctrine of sovereign immunity is jurisdictional in nature, . . . to prevail, the plaintiff bears the burden of establishing that h[is] claims fall within an applicable waiver."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

- 3 -

Following the Court's March 14, 2024, Decision and Order, Plaintiff filed two amended complaints.  (Dkt. 15; Dkt. 21).  Having reviewed them, the Court concludes that Plaintiff is not seeking relief under 42 U.S.C. § 405(g) because he is not appealing a final decision made by the Commissioner on his claim for disability benefits.  Although Plaintiff used the social security complaint form generated by this District to assist *pro se* filers in seeking review under 42 U.S.C. § 405(g) to file one of his amended complaints (Dkt. 21), he has failed to identify the final adverse decision made by the Commissioner to be reviewed by this Court and to provide all other information required by the Federal Supplemental Rules for Social Security Actions.  *See* Fed. Supp. R. Soc. Sec. 2(b)(1).

In addition to filing his amended complaints, Plaintiff has also filed five papers to supplement both complaints, which reference the Fair Credit Reporting Act, the Freedom of Information Act, as well as the principles of identity theft, privacy rights, and personal property ownership.  (Dkt. 16; Dkt. 18; Dkt. 19; Dkt. 20; Dkt. 22; Dkt. 23; Dkt. 24; Dkt. 25).  None of the supplemental papers contain any factual allegations sufficient to raise a claim under 42 U.S.C. § 405(g), nor do they otherwise provide a basis for a finding of subject matter jurisdiction.  Accordingly, Plaintiff has failed to state a viable claim against the Commissioner over which this Court has subject matter jurisdiction.

For this reason, Plaintiff's claim is barred by sovereign immunity.  As a result, this Court lacks jurisdiction to review his claim, *see* 42 U.S.C. § 405(g), and Plaintiff's amended complaints must be dismissed, *see* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

###   III.   <u>**Amendment**</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs this Court to provide a litigant leave to replead "when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  When a party is appearing *pro se*, district courts routinely provide an opportunity to amend the complaint at least once.  *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ("[A] *pro se* complaint is to be read liberally, and should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal citations and quotation marks omitted).  Yet, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005).

Here, the Court has previously afforded Plaintiff an opportunity to cure the deficiencies in his original complaint and now finds that any further amendments would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (Where "[t]he problems with [plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.").  Accordingly, under these circumstances, the Court declines to allow any further amendment.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's amended complaints, as supplemented by his additional filings, are dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of the dismissal, Plaintiff's motion to appoint counsel (Dkt. 17) is denied as moot.  The Clerk of Court is directed to close this case.  The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:          April 16, 2024
                Rochester, New York